GARRET ELKIN *et al.*, appellants, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, for the use of Fleming McIntire, appellees.

*Appeal from Sangamon.*

A defendant, whose land has been sold on execution, may pay the redemption money to the officer who sold the same, whether in or out of office, at the time of the redemption; and it is the duty of the officer to receive the same.
The rule of the common law is, that the officer who has received and levied an exe-

cution, must perfect it, by doing every act required to be done under or by virtue of the execution; the whole proceeding is regarded as an entire thing.   And the rule which permits the sheriff, after the expiration of his office, to finish all business previously commenced, would seem to embrace the receipt of the redemption money on the land sold on execution by the sheriff.
The sureties of a sheriff are liable for money paid to him after the expiration of his official term, for the redemption of land sold by him upon execution when in office.

THIS cause was heard at the November term, 1840, of the Sangamon Circuit Court, before the Hon. Sidney Breese.   .

Judgment was rendered for $10,000 debt, to be discharged upon the payment of the damages, to wit, $1492.83, and costs.

S. STRONG and A. LINCOLN, for the appellants.

S. T. LOGAN, for the appellees, cited Allen *v.* Trimble, 4 Bibb. 24; Loffland *v.* Ewing, 5 Littell 42; Tuttle *v.* Jackson, 6 Wend. 224; Jackson *v.* Collins, 3 Cowen, 89; Jacob's Law Dict., title Execution.

WILSON, Chief Justice, delivered the opinion of the (old) Court:

The only question for adjudication presented by the record in this case is, as to the liability of the sureties of a sheriff where he has received money after he has gone out of office, for the redemption of land sold under execution while in office.   The sureties being bound for the faithful discharge of all the official acts and duties of the sheriff, their liability necessarily depends upon the question, whether the receipt of the money by the sheriff, after the expiration of the period for which he was appointed, was an official act, enjoined or permitted by the law.

The rule of the common law is, that the officer who has received and levied an execution, must perfect it, by doing every act required to be done under or by virtue of the execution.   The whole proceeding is regarded as an entire thing.   And although lands are not liable to be taken and sold under an execution, at common law, yet where by statute they are subjected to be thus taken and sold, the officer in whose hands the process may be, will be bound to conform to the rules governing the proceedings under an execution levied upon chattels, unless a different proceeding is prescribed; and where a different mode of proceeding is prescribed, that necessarily becomes his rule of action, and must be complied with.

The statute of this State has subjected lands to be sold under execution; but it allows the defendant the right to redeem the same, within the time, and according to the rules prescribed.   Under this statute, all the proceedings of the sheriff, in this case, have taken place; and its provisions are decisive of the legality of his acts.   Generally, the return of the process executed terminates the

duty and power of the officer, because it is the last act to be done; but the statute having allowed the defendant, whose lands have been sold under execution, the privilege of redeeming the same, by the payment of the purchase money, &c., either to the purchaser or the sheriff, extends his duty beyond the return of the process, and makes the receipt of the redemption money a component part of what the law regards as an entire thing. The rule which permits the sheriff, after the expiration of his office, to finish all business previously commenced, would seem to embrace the receipt of the money by the sheriff in this case; but if there is any doubt as to the correctness of this view of the subject, that doubt, I conceive, must be removed by the eleventh section of the "*Act concerning Judgments and Executions,*" (1) which provides that any defendant, whose lands may be sold by virtue of any execution, may redeem the same within twelve months, by paying to the purchaser thereof, his executors, administrators, or assigns, or to the sheriff, or other officer who sold the same, for the benefit of such purchaser, the sum of money which may have been paid on the purchase thereof, &c. This provision is a confirmation and application of the rule adverted to, to a case like the present. There is no exception or restriction of payment, by the former owner of the land, to the officer in office; but he is authorized to pay the redemption money to the officer who sold the land, whether in or out of office, at the time the payment may be made. Upon the same principle that an officer shall complete whatever business he may have begun, the fifteenth section of the same act requires the sheriff who has gone out of office, to execute a deed for lands which he may have previously sold.

It is contended, that between the sheriff and the party whose lands were sold, the business was consummated by the return of the execution; that the language of the law is merely permissive to the party to pay the money to the sheriff, and not obligatory upon him to receive it. This opinion cannot be correct; the right of the party to pay the redemption money to the purchaser of the land, is given in the same language that the right to pay it to the sheriff is. If neither of them, therefore, are bound to receive the money, the consequence would be, that the right of a party to redeem his lands sold under execution, which is clearly and explicitly given by the legislature, might be defeated, by the perverseness of the officer, and the cupidity of the purchaser. The right to pay the money, either to the officer or purchaser, imposes upon either one, to whom it may be tendered, the obligation to receive it, othererwise this important provision of the statute would be utterly idle and nugatory.

The demurrer of the plaintiff to the plea of the defendant, alleging the receipt of the money by the sheriff, after a subsequent

(1) R. L. 374; Gale's Stat. 392.

appointment to the office of sheriff, to the term for which they had executed his official bond, was properly sustained.

The judgment is therefore affirmed.

*Judgment affirmed.*